UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE RENEE CROSBY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CANDICE SUE BEADZ,<br><br>　　　　Defendant. | Case No. 1:25-cv-00617-DCN<br><br>**INITIAL REVIEW ORDER** |

　　　　Plaintiff Nicole Crosby (Plaintiff) has filed a pro se civil Complaint in this matter. Dkts. 1, 3. Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Claims are subject to summary dismissal if they are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To *lack an arguable basis in law* means a claim is "based on an indisputably meritless legal theory." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Factual contentions that are "*clearly baseless*" include those that "describ[e] fantastic or delusional scenarios," *id.*, "rise to the level of irrational or the wholly incredible," *id.*, or are "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325 (emphasis added).

　　　　A complaint is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988). A complaint fails

to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle her to relief.

Plaintiff asserts the following against Defendant Candice Sue Beadz:

> Life, my unborn, deprived of my property & houses & jeoporadized my life by lies & her not being accountable for harm she's caused. She beat my father in the head many times & killed her own husband.

Dkt. 1 at 4 (verbatim).

Plaintiff previously sued this same defendant in Case No. 1:23-cv-00300-DCN, *Crosby v. Beadz, et al.* (Case 300). In Case 300, Plaintiff raised claims that Beadz injured Plaintiff's father. After adequate opportunity for amendment, Case 300 was dismissed with prejudice. Therefore, Plaintiff cannot bring claims that Beadz harmed Plaintiff's father again (nor has Plaintiff, who is not an attorney, alleged here that she has any standing or legal authority to bring a suit on behalf of her father). Therefore, the Court concludes that these allegations appear to be abusive and repetitive claims.

Another problem is that Plaintiff has not shown that this Court has subject matter jurisdiction over this case. She does not allege that Beadz is a state actor, such that federal question jurisdiction would apply. Alternatively, while the Court can hear cases that qualify for diversity jurisdiction under 28 U.S.C. § 1332, that statute requires that the parties be citizens of different states and that the amount in controversy be over $75,000.00. Plaintiff and Defendant both appear to be a citizen of Idaho. Dkt. 1 at 1-2. Further, because there are insufficient facts supporting any claim, the Court cannot determine whether the claims plausibly assert an amount in controversy over $75,000.00.

INITIAL REVIEW ORDER - 2

Another problem is that Plaintiff has not stated facts showing the federal court has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). No facts support a conclusion that the Court has personal jurisdiction over the defendant.

Another problem is that there are insufficient facts to show that venue is proper. Legal actions may be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Another problem is that Plaintiff is also maintaining a lawsuit against the same

INITIAL REVIEW ORDER - 3

Defendant in Case No. 1:25-CV-00653-BLW (Case 653), *Crosby v. Beadz*. Judge B. Lynn Winmill has already issued an Initial Review Order in that case. Because it is improper and malicious to maintain two lawsuits against the same defendant in the same court at the same time, the Court will dismiss this case without prejudice, and Plaintiff shall bring any plausible claims against Beadz in an amended complaint in Case 653. Claims about Plaintiff's father's injuries should not be included.

The last problem is that Plaintiff has not completed an in forma pauperis application, but has merely written, "in forma pauperis for now," on her Amended Complaint. Dkt. 3 at 1. She must complete an application with current financial information and submit it to the Clerk of Court in Case 653.

## ORDER

**IT IS ORDERED**:

1. Plaintiff may not proceed on claims on behalf of her father, and such claims that are duplicative of those brought in Case 300 are DISMISSED with prejudice.

2. All other claims in this case are DISMISSED without prejudice to bringing them in an amended complaint in Case No. 1:25-CV-00653-BLW (Case 653), *Crosby v. Beadz*.

DATED: December 12, 2025

_____
David C. Nye
Chief U.S. District Court Judge